**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re RICHARD ANNUNZIATA, <br><br> Debtor. | Bankruptcy Action No. 15-28996 (CMG) |
| RICHARD ANNUNZIATA, <br><br> Plaintiff, <br><br> v. <br><br> PUTNAM AT TINTON FALLS, LLC et al., <br><br> Defendants. | Adversary Proceeding No. 15-2272 (CMG) |
| RICHARD ANNUNZIATA, <br><br> Appellant, <br><br> v. <br><br> PUTMAN AT TINTON FALLS, LLC, <br><br> Appellee. | Civil Action No. 17-5733 (MAS) <br><br> **ON APPEAL FROM THE BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY** <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Appellant Richard Annunziata's ("Debtor") appeal from the Bankruptcy Court's Order denying Debtor's Motion for Reconsideration dated July 19, 2017 (Bankr. ECF No. 318),[1] asking the Bankruptcy Court to reconsider its Order granting

---

[1] Citations to the bankruptcy docket refer to the adversary proceeding, 15-2272, unless otherwise specified.

Summary Judgment to Putnam at Tinton Falls (Bankr. ECF No. 305).[2] (Notice of Appeal, ECF No. 1.) Putnam at Tinton Falls, LLC ("Putnam") filed opposition (ECF No. 4) and Debtor replied (ECF No. 6-3).[3] After careful consideration, and for the reasons set forth below, the Court denies Debtor's appeal and affirms the Bankruptcy Court's Order.

I.  **Background**[4]

On February 6, 2015, Debtor filed for Chapter 13 bankruptcy in the Southern District of New York. The proceeding was converted to a Chapter 11 bankruptcy and transferred to the District of New Jersey. (S.J. Order 1–2, Bankr. ECF No. 303.) Debtor then filed an adversary proceeding against Putnam under docket number 15-ap-2272. The adversary proceeding involved a four-count complaint and a three-count counterclaim. (*Id.*) Over the course of the litigation, all counts except one were resolved through summary judgment and/or settlement. The only remaining issue for the Bankruptcy Court, and the claim related to this appeal, is Putnam's counterclaim against Debtor regarding the dischargeability of Putnam's claim against Debtor. (*Id.* at 3.)

---

[2] Debtor appeals only from the order denying reconsideration. Based on his arguments on appeal (ECF No. 3) and his designation of record (ECF No. 2), however, Debtor appears to believe that he is appealing both the order denying reconsideration and the order granting summary judgment. In an abundance of caution, the Court will also analyze the appeal of the summary judgment decision in Section II.

[3] Also pending before the Court is Debtor's motion to file a late reply (ECF No. 6) to which Putnam filed opposition (ECF No. 7). Debtor represented that he filed his reply approximately a week late due to a problem with the courier service he used to submit the reply. As Debtor is representing himself *pro se*, and the filing was received only days after it was originally due, the Court grants Debtor's motion and accepts the late reply.

[4] The factual history is recited only to the extent necessary to decide the instant appeal. The Court previously set forth additional factual history in Debtor's appeal from the Court's approval of a settlement agreement to resolve claims in the adversary proceeding. (Civ. No. 17-1864, Mem. Op., ECF No. 22.)

By way of background, Debtor was a part owner of Putnam. (*Id.*) After a dispute between Debtor and co-owner Palazzolo, Debtor instituted an action in the Superior Court of New Jersey, captioned *Richard Annunziata v. Gino Palazzolo, et al.*, docket no. C-125-10 ("Palazzolo Case"). The parties went to arbitration, after which they agreed to settle the dispute by payment from Putnam to Debtor of $900,000 in exchange for Debtor's release of any purported ownership interest in Putnam. (S.J. Order 2.) After a subsequent dispute—in which Debtor claimed his lawyer was not authorized to enter into the settlement—the arbitrator held a hearing and determined that Debtor was bound to the settlement and had no further interest in Putnam. (*Id.*) On December 11, 2011, the Bankruptcy Court found that Debtor did not have any interest in Putnam. (*Id.*) Shortly thereafter, on February 7, 2012, Debtor filed an action in the District of New Jersey attempting to argue that Debtor was divested of his interest in Putnam by fraudulent means. This matter was dismissed by the Court on March 27, 2012 for lack of jurisdiction. (*Id.*) Prior to the dismissal, however, Debtor filed an affidavit certifying that he had no ownership interest in Putnam. (*Id.*)

Despite the overwhelming indications that Debtor had no interest in Putnam, on April 3, 2012, Debtor sent a letter to Palazzolo, in which he claimed to be the sole managing member of Putnam. (*Id.*) Two days later, Debtor obtained a $1.5 million-dollar loan from a lender, YFM. Debtor mortgaged six townhomes owned by Putnam to obtain the mortgage. In connection with the transaction, Debtor represented in a sworn affidavit that: (1) he was the managing member of Putnam; (2) there was no litigation against him; (3) there were no matters pending in any court that could affect title to the mortgaged properties; and (4) the loan was for commercial or business purposes only. (*Id.* at 4–5.)

On April 27, 2012, the State Court confirmed the arbitration award determining that Debtor had no interest in Putnam. (*Id.* at 5.) Debtor appealed and the Appellate Division affirmed the Superior Court. (*Id.*) Debtor attempted to appeal again but the New Jersey Supreme Court denied certiorari. (*Id.*) Putnam then filed litigation against Debtor in state court in relation to the unauthorized $1.5-million-dollar mortgage and Debtor responded by filing counterclaims against Putnam. (*Id.*) On January 23, 2013, the State Court entered partial summary judgment in favor of Putnam for $1.5 million dollars, and on December 16, 2014, dismissed Debtor's counterclaims with prejudice. (*Id.*) On December 28, 2016, the bankruptcy court granted Debtor relief from the stay to appeal those orders, but as of the date of the bankruptcy court's decision on summary judgment, Debtor had not yet appealed. (*Id.*)

As discussed above, after a summary judgment decision and settlement, only one counterclaim remained in the adversary proceeding. The last remaining issue was whether Putnam's claim against Debtor related to the unauthorized mortgage was dischargeable. The Bankruptcy Court thoroughly reviewed the facts and relevant law and correctly found that the debt was non-dischargeable under 11 U.S.C. § 523(a)(2), (4), and (6), as Debtor's actions involved fraud and intent to cause willful and malicious injury, or at the very least a defalcation while acting in a fiduciary capacity. (*Id.* at 7–14.)

The Bankruptcy Court found that the record clearly established that Debtor made fraudulent misrepresentations to mortgage Putnam's properties in exchange for a $1.5 million-dollar mortgage. (*Id.* at 8-10.) The Bankruptcy Court noted that Debtor was aware that he was not the sole owner of Putnam at the time he made the representations. (*Id.* at 8-9.) According to the Bankruptcy Court, "[a]t minimum, even if Debtor had a reasonable belief that he was the managing member of Putnam . . . there is no reasonable basis for him to state that there was no

4

litigation pending against him or that could in any way affect title to the mortgaged real estate."
(*Id.* at 9 (internal quotation omitted).) Further, Debtor admitted that he used the loan proceeds to pay his personal bills, also at odds with his representations to YFM. (*Id.*) Essentially, each of the sworn representations was completely false. The Bankruptcy Court, therefore, found that all of the elements of fraud[5] were present, so that the debt was not dischargeable under 11 U.S.C. § 523(a)(2). The Bankruptcy Court also found that Debtor's actions were deliberate, willful acts undertaken to produce injury and, as a result, the debt at issue was not dischargeable under 11 U.S.C. § 523(a)(6). (*Id.* at 10–11.) The Bankruptcy Court went on to find that even if it accepted Debtor's position that Debtor had an ownership interest in Putnam, despite the overwhelming evidence to the contrary, the debt would still be non-dischargeable under 11 U.S.C. § 523(a)(4), as a defalcation while acting in a fiduciary capacity. (*Id.* at 11–14.)

Debtor then moved for reconsideration arguing that: (1) the Bankruptcy Court ignored the *Rooker-Feldman* Doctrine; (2) the summary judgment is barred by res judicata; and (3) summary judgment was improper because there are genuine disputes of material fact. The Bankruptcy Court denied the Motion for Reconsideration. (Bankr. AP ECF No. 318.) Debtor now appeals from the Order denying Reconsideration. (Bankr. AP ECF No. 321) (ECF No. 1). In support of his motion, Debtor sets forth the exact same arguments presented to the Bankruptcy Court on reconsideration. (*Compare* Debtor's Br., ECF No. 3 *with* Debtor's Reconsideration Br., Bankr. ECF No. 310.)

---

[5] To prove fraud, the plaintiff must demonstrate: (1) material misrepresentation; (2) knowledge of the falsity or reckless disregard for its truth; (3) intent to deceive; (4) reliance by plaintiff; and (5) loss to the plaintiff proximately caused by defendant's conduct. *In re Cohen*, 185 B.R. 180, 186 (Bankr. D.N.J. 1995); *aff'd*, 191 B.R. 599 (D.N.J. 1996), *aff'd*, 106 F.3d 52 (3d Cir. 1997), *aff'd*, 523 U.S. 213 (1998).

## II. Jurisdiction and Standard of Review

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. *See* 28 U.S.C. § 158(a) (2010). The standard of review for bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Findings of fact are reviewed under a clearly erroneous standard, where factual findings may only be overturned "when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions, on the other hand, are subject to *de novo,* or plenary, review by the district court. *See Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987).

## III. Discussion

As an initial matter, Debtor's submissions to the Court are procedurally deficient and violate several rules governing appellate practice. Debtor's brief does not contain proper citations to the record or to any relevant case law. Debtor also failed to include the transcripts of the Bankruptcy Court's decisions and to comply with the rules governing the statement of issues, appendix, and certificate of compliance. *See e.g.*, Fed. R. Bankr. P. 8014(a)(5), 8015 (a)(7)(C), 8015(b). In addition, Debtor improperly designated the entire record as pertinent to the issues raised on appeal. *See e.g.*, Fed. R. Bankr. P. 8009. Debtor's violations of the rules alone constitute

a basis to deny the appeal. *See Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 406-07 (3d Cir. 1980). The Court, however, will nevertheless address the merits of the appeal.

Here, Debtor appeals from the Bankruptcy Court's denial of his motion for reconsideration. A motion for reconsideration is reviewed for abuse of discretion. *See Ahmed Amr v. Greenberg Traurig LLP (In re Syntax-Brillian Corp.)*, No. 13-337, 2016 WL 7177615, at *28-29 (D. Del. Dec. 9, 2016) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). The Court cannot disturb the Bankruptcy Court's decision unless it "rests upon a clearly erroneous" basis. *NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.)*, 384 F.3d 108, 118 (3d Cir. 2004) (quoting *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999)). A motion for reconsideration is appropriate to correct manifest errors of law or to present newly discovered evidence. *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 415 (D.N.J. 2005) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986)) (internal quotations omitted). A motion for reconsideration, however, is not an opportunity to "ask the court to rethink what it has already-thought through—rightly or wrongly" or to "simply recapitulate[] the cases and arguments considered by the court prior to rendering its initial decision." *Id.* at 415-16 (quoting *Oritani Savings & Loan Assoc. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) and *Carteret Sav. Bank, F.A. v. Shushan*, 721 F. Supp. 705, 706-07 (D.N.J. 1989)).

Debtor's motion for reconsideration did nothing more than disagree with the Court's Summary Judgment decision. Debtor did not offer any new evidence or raise any error of law. Instead, Debtor presented the types of arguments that are inappropriate on a motion for reconsideration. Here, Debtor recited the same arguments he raised on summary judgment and offered no valid basis for the Bankruptcy Court to reconsider its decision. The Court, therefore,

7

cannot find that the Bankruptcy Court Judge abused her discretion in denying Debtor's motion for reconsideration. Accordingly, Debtor's appeal is denied.

Although Debtor did not appeal the original summary judgment decision, based on the arguments raised in his brief and the designation of record, it appears that Debtor believes he appealed both decisions. The Court is cognizant of Debtor's *pro se* status and, therefore, will also analyze the Bankruptcy Court's summary judgment decision. *See Smith v. Manasquan Sav. Bank*, 2012 WL 4339561, at *3 (Sept. 20, 2012) (considering an improperly pled Motion for Recusal with greater leniency because of litigant's *pro se* status). Summary Judgment is reviewed *de novo*. *See In re Klaas*, 858 F.3d 820 (3d Cir. 2017). Here, even upon a *de novo* review of the Bankruptcy Court's decision, the appeal would still be denied.

Debtor's arguments on appeal are exactly the same as the arguments presented below to the Bankruptcy Court. Essentially, Debtor believes that the Court "ignored" *Rooker-Feldman*, res judicata precludes the Bankruptcy Court's findings, and there are material disputes of fact that must go to a jury. (*See generally*, Debtor's Br.) The Court is not persuaded by any of these arguments. Upon the Court's review of the record and the relevant case law, this Court finds that Debtor had no interest in Putnam at the time he made the representations, and therefore, the debt is not dischargeable under 11 U.S.C. § 523(a)(2). Further, the Court finds that, based on the facts in the record, Debtor's actions were taken with the intent to harm Putnam, by mortgaging its properties without permission to obtain funds for Debtor's personal use, and therefore, the debt is not dischargeable under 11 U.S.C. § 523(a)(6). Finally, to the extent Debtor could have possibly believed that he had an ownership interest in Putnam, there is absolutely no basis for a reasonable belief that he was the sole owner as he never held a 100% ownership interest, and the debt is still nondischargeable under 11 U.S.C. § 523(a)(4).

## IV. Conclusion

For the reasons set forth above, Debtor's appeal is denied, and the Bankruptcy Court Orders are affirmed. An order consistent with this Memorandum Opinion will be entered.

Dated: 7/30/18

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE